H. D. BRADT & CHARLES E. GOODWIN, surviving partners, *vs.* CHRISTOPHER HOLDEN, Sheriff.[1]

In an action against a sheriff for refusing to deliver a bail bond:
*Held*, that the insolvency of the original debtor cannot be shown in mitigation of damages.
*Held*, further, that the insolvency of the bail may be shown in mitigation of damages.
B. sued out a writ of arrest against H., and the sheriff accepted W. as bail. B. obtained judgment against H. The conditions of the bail bond were violated, and the sheriff refused to deliver the bond to B. H. was quite insolvent. W. could pay twenty-five cents on a dollar. In Case, brought by B. against the sheriff:
*Held*, that B. should recover against the sheriff twenty-five per cent. of his original judgment against H.
In Case, the amount of actual injury is the usual measure of damages.

CASE. Heard by the court, jury trial being waived.

*April* 19, 1879. DURFEE, C. J. This is an action on the case to recover damages of a sheriff for the default of his deputy. The case is tried to the court, jury trial being waived. The declaration alleges in effect that the deputy, being charged with the service of a writ in favor of the plaintiffs against one Herrick S. Fifield, arrested said Fifield, who gave bail, but not by having his bail indorse his christian and surname on the writ; that after judgment recovered against said Fifield, and execution taken out thereon and returned wholly unsatisfied for the want of the body or of the goods and chattels or real estate of said Fifield, the plaintiffs demanded of the deputy the bail bond taken by him, and that the deputy neglected and refused to deliver it, whereby they have lost their remedy against the bail. The deputy's return on the writ, which is referred to in the declaration, shows that he accepted of one William S. Fifield as bail. It is agreed that the plaintiffs have proved their case as alleged. It is also agreed, if testimony in regard to the pecuniary ability of either Herrick or William S. Fifield is admissible in mitiga-

---

[1] See *ante*, p. 24.

tion of damages, that Herrick is utterly insolvent and that William S. could pay twenty-five cents on a dollar.

The defendant does not deny the right of the plaintiffs to recover, but he contends that he is entitled to have the evidence aforesaid admitted in mitigation of damages. The plaintiffs contend that they are entitled to recover of the defendant the full amount of their judgment against Herrick S. Fifield, with interest. In support of this they cite *Simmonds* v. *Bradford*, 15 Mass. 82. There the court held that evidence of the poverty of the original debtor was not admissible to reduce the damages. The ground of the decision was that the evidence would not have been admissible in an action against the bail, and that the defendant, having prevented the action against the bail by withholding the bail bond, ought to afford another remedy at least as good. The name of the bail there was not mentioned in the return, and no evidence was offered to show that he was not perfectly solvent. The case is authority for the rejection of the evidence here offered to show the insolvency of Herrick S. Fifield, the original debtor, but not for the rejection of the evidence offered to show the poverty of William S. Fifield, the bail. And see *Seeley* v. *Brown*, 14 Pick. 177, 181.

We think evidence of the poverty of William S. Fifield is admissible; for the action is for the withholding of his bond, and of course the damages resulting from the withholding of his bond cannot exceed what would be its value if delivered, and its value if delivered is obviously dependent on the ability of the obligor to pay it. Ordinarily, in an action of the case, the actual injury is the measure of the damages.

The judgment in the original action amounts, with interest, to between eleven hundred and twelve hundred dollars. We will give the plaintiffs judgment in this action for three hundred dollars and costs. *Judgment accordingly.*

*Stephen Essex*, for plaintiffs.
*William H. Clapp*, for defendant.